UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

KENNETH DEWAYNE ROBLEZ,

    Petitioner,

v.

    No. 1:21-CV-00076-H

DIRECTOR, TDCJ-CID,

    Respondent.

## ORDER

Petitioner Kenneth DeWayne Roblez filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge the result of a prison-disciplinary case. Respondent filed an answer and appendix with copies of Petitioner's relevant prison records. Petitioner did not file a reply despite receiving an extension of time to do so. As explained below, the Court finds that the petition should be denied for failure to state a claim upon which habeas relief may be granted and, alternatively, dismissed with prejudice as unexhausted and procedurally barred.

1. **Background**

Petitioner is serving a 13-year sentence in the Texas Department of Criminal Justice (TDCJ) for failure to register as a sex offender. At the time he filed this petition, Petitioner was incarcerated in TDCJ's Robertson Unit in Abilene, Texas, which is within the jurisdiction of this Court. He does not challenge his state conviction and sentence. Instead, he challenges his conviction and punishment in prison disciplinary proceeding no. 20200165790.

In disciplinary case no. 20200165790, Petitioner was found guilty of lying to a staff member, a Level 3, Code 33.0 violation of the TDCJ rules. As a result, Petitioner lost 45 days of recreation privileges and 60 days of commissary and telephone privileges, he

received a temporary suspension of visitation privileges, and his line class was reduced from S3 to S4.

Petitioner alleges that his due process rights were violated because he was not permitted to review certain evidence, he was not permitted to question certain witnesses, and he was not given a fair and impartial disciplinary hearing officer (DHO). He also contends that his constitutional rights were violated because he was falsely charged in retaliation for engaging in a protected right. Petitioner's Step-1 grievance was denied, and his Step-2 grievance was dismissed as untimely. Petitioner seeks to have his disciplinary case and related punishments overturned.

Respondent argues that the petition should be denied because Petitioner failed to properly exhaust his administrative remedies and he is now procedurally barred from doing so. Respondent also argues that the petition fails to state a claim upon which habeas relief may be granted because Petitioner did not lose any good-conduct time and his claims do not implicate a protected liberty interest.

2.  **Legal Standards**

Section 2254 provides a specific remedy for prison inmates challenging the results of prison-disciplinary hearings if the inmates do not seek monetary damages. *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). This Court has jurisdiction over the instant petition. *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000) (determining that a state prisoner challenging a prison-disciplinary proceeding must file his petition in either the federal judicial district where he is incarcerated or the federal judicial district where his original conviction and sentence took place).

### A.   Exhaustion

Courts may not grant habeas relief unless the petitioner first exhausts all available state remedies. 28 U.S.C. § 2254(b)(1)(A). State prisoners seeking relief from prison-disciplinary proceedings must exhaust all available administrative remedies, including prison grievance procedures. *Preiser v. Rodriguez*, 411 U.S. 475, 491–93 (1973). In the case of a prison disciplinary proceeding, the petitioner must exhaust his administrative remedies by pursuing both steps of the grievance process. *Baxter v. Estelle*, 614 F.2d 1030, 1031–32 (5th Cir. 1980); *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978) (recognizing TDCJ's two-step grievance process as an "available procedure" to challenge disciplinary actions under Texas law). The grievances must be presented in a procedurally correct manner according to the applicable rules. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Therefore, an inmate must exhaust his administrative remedies by following the two-step grievance procedure available in Texas prisons prior to filing a petition in federal court. *See Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993) (citations omitted).

Although exhaustion is required before courts may grant habeas relief, Section 2254 empowers courts to deny habeas relief on the merits even if the petitioner fails to exhaust. 28 U.S.C. § 2254(b)(2).

### B.   Liberty Interest

Federal habeas relief is unavailable "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). In Texas, "[a]s a general rule, only sanctions which result in loss of good conduct time for inmates who are eligible for release on mandatory supervision or which otherwise directly or

adversely affect release on mandatory supervision will impose upon a liberty interest." *Spicer v. Collins*, 9 F. Supp. 2d 673, 685 (E.D. Tex. 1998) (citing *Orellana v. Kyle*, 65 F.3d at 31-33). *See Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (holding that although Texas law does not create a constitutionally protected interest in parole, the law prior to September 1, 1996, does create a constitutional expectancy of early release on mandatory supervision). A prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the [prisoner] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

3. **Analysis**

Petitioner admits that his Step-2 grievance was returned unprocessed. (Dkt. No. 2 at 6.) As a result, the Court finds that his claims are unexhausted and procedurally barred. *Baxter*, 614 F.2d at 1031–32; *Lerma*, 585 F.2d at 1299. In any event, the Court also finds that Petitioner has failed to show that he is entitled to habeas relief, so the petition must be denied on the merits.

Petitioner asserts that he is eligible for mandatory supervision, and Respondent does not dispute that contention. However, the parties agree that Petitioner did not lose any good-conduct time. Thus, he cannot show that the disciplinary proceeding infringed on any constitutionally protected liberty interest. His claims do not provide a basis for federal habeas corpus relief. *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997); *see also Sandin*, 515 U.S. at 478 ("[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner.").

To the extent that Petitioner is challenging the loss of commissary and recreation privileges, his claims do not present grounds for federal habeas corpus review, and the Due Process Clause is not implicated by these changes in the conditions of his confinement. *Madison*, 104 F.3d at 768. It is well settled that the Due Process Clause does not protect every change in the conditions of confinement having a substantially adverse impact on a prisoner. *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

The Due Process Clause protections are also not implicated by a change in Petitioner's line-class status. The Fifth Circuit has held that "the mere opportunity to earn good time credits" does not constitute a "constitutionally cognizable liberty interest sufficient to trigger the protections of the Due Process Clause." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996). Petitioner's custodial classification will not inevitably affect the duration of his sentence. *Id.*

4. **Conclusion**

For these reasons, and for the reasons stated in the Respondent's answer with brief in support, the Court finds:

1. Petitioner's petition for writ of habeas corpus should be denied and dismissed with prejudice.

2. Pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner has failed to show that reasonable jurists would (1) find this Court's "assessment of the constitutional claims debatable or wrong," or (2) find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling," and any request for a certificate of appealability should be denied. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

All relief not expressly granted is denied and any pending motions are denied. The Court will enter judgment accordingly.

Dated January 5, 2023.

                                                                 JAMES WESLEY HENDRIX
                                                                 United States District Judge